IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RASBIAN M. WARD,           ) | |
|            ) | |
| Plaintiff,     ) | |
|            ) | |
| v.           ) | CASE NO. 2:18-CV-759-WKW |
|            ) | [WO] |
| CORIZON INC., *et al.*,        ) | |
|            ) | |
| Defendants.     ) | |

## ORDER

Before the Court are Defendants' Motions for Summary Judgment. (Docs. # 22, 34, 72.) The Magistrate Judge filed a Report and Recommendation, recommending that the motions be granted. (Doc. # 132.) Ward has filed objections to the Report and Recommendation. (Doc. # 134.) Upon an *de novo* review of the record, the motions are due to be granted.

Ward's first objection is that the Magistrate Judge failed to consider his claim regarding his genital issues. Ward presented that claim against Defendant Corizon in count five of the Amended Complaint (Doc. # 15) and against Dr. Herring, Dr. Hood, and Ms. Barnette in an amendment to the Amended Complaint (Doc. # 35-1). Ward subsequently amended that amendment to the Amended Complaint, replacing Dr. Hood with Defendant Dr. Karen Stone. (Docs. # 61, 63.)

After reviewing the Defendants' Special Reports, Plaintiff moved to dismiss the genital claims against the individual defendants and moved to dismiss the individual defendants from this action (Doc. # 60), as none of the listed defendants were involved in the treatment.  (Docs. # 60, 64.)  Plaintiff later clarified that he intended to continue his claim against Dr. Karen Stone because she was involved in other complained-of behavior.  (Docs. # 80, 91, 95, 96).  The Magistrate Judge recommended that Plaintiff's motion to dismiss be granted (Doc. # 64), the court adopted that recommendation (Doc. # 100), and judgment was entered in favor of the genital claim defendants (Doc. # 101).

The only remaining genital claim in this case is against Defendant Corizon.  Contrary to Plaintiff's assertions, the Magistrate Judge did address this claim.  The Magistrate Judge correctly indicated that Corizon could not be liable for *any* of Plaintiff's 42 U.S.C. § 1983 claims solely under a theory of *respondeat superior*.  This includes the genital claims.  And since Plaintiff has not identified any established policy or custom that Corizon used to deny him adequate medical care in any respect (including with the care of his genitals), summary judgment in favor of Corizon is appropriate.

Plaintiff next complains that "no alternative treatment plan was ever submitted into evidence in the case."  Plaintiff is incorrect.  Defendants did respond to the Magistrate Judge's order to show cause.  On August 3, 2021, Defendants

submitted a partial form showing the alternative treatment plan. On August 10, 2021, Defendants provided additional documentation regarding the treatment plan. The evidence submitted is sufficient to show that Defendants' treatment of Plaintiff's nerve condition was not deliberately indifferent.

The remaining portion of Plaintiff's objections consists of miscellaneous complaints about his medical treatment. Even taking all disputed facts in the light most favorable to Plaintiff, Defendants were not deliberately indifferent to Plaintiff's serious medical needs. Summary judgment is therefore proper.

It is ORDERED:

1. Plaintiff's objections (Doc. # 134) are OVERRULED;

2. The Magistrate Judge's Recommendation (Doc. # 132) is ADOPTED;

3. Plaintiff's pending Motion for an Answer (Doc. # 127) is GRANTED to the extent that this order answers his questions and, in every other respect, is DENIED as moot; and

4. Defendants' Motions for Summary Judgment (Docs. # 22, 34, 72) are GRANTED.

A final judgment will be entered separately.

DONE this 3rd day of November, 2021.

                              /s/   W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE